**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DOWAN HALSEY (#2012-0511223), ) | | |
|     Plaintiff, ) | | Case No: 13 C 5975 |
| ) | | |
| v. ) | | |
| ) | | Judge Thomas M. Durkin |
| COOK COUNTY DEP'T of CORR., et al. ) | | |
|     Defendants. ) | | |

**ORDER**

    Plaintiff's motion to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $28.50 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the supervisor of the office of inmate accounts at the Cook County Jail to facilitate compliance with the order. However, Plaintiff's proposed complaint is unacceptable and must be dismissed without prejudice to Plaintiff submitting a proposed amended complaint. The Clerk is directed to forward Plaintiff the amended civil rights complaint form and the instructions for submission of documents. If Plaintiff does not comply with this order, this case will be dismissed.

**STATEMENT**

    Plaintiff, presently in custody at the Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, appearing to allege that he was subjected to unconstitutional conditions of confinement and deliberate indifference to a serious medical condition at the Cook County Jail. Plaintiff alleges that on July 8, 2013, he slipped and fell in a puddle of water coming from a leaky toilet in his cell and injured himself. He further alleges that while he was immediately taken to Cermak Health Services for treatment for his injuries. A nurse examined his ankle and back, determined that he did not need crutches or a cast, and that his swelling would subside, and gave him Tylenol and cold packs. Plaintiff names as Defendants the Cook County Department of Corrections and the "Sheriff Office of Cook County."

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $28.50. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail's inmate trust account office shall notify transferee authorities of any outstanding

balance in the event Plaintiff is transferred to another correctional facility.

However, Plaintiff must submit an amended complaint, as the complaint presently on file is deficient in several ways. Initially, neither the Cook County Department of Corrections or the "Sheriff Office of Cook County" is a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Consequently, to the extent Plaintiff intended to name them as Defendants, they are not proper and are dismissed.

Additionally, with respect to Plaintiff's claim that he slipped and fell in water on the floor, while it is most unfortunate that Plaintiff was injured, his allegations do not implicate the Constitution. Although wet floors do present a possibility that inmates might slip, Plaintiff's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Fourteenth Amendment. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors. . . do not state even an arguable claim for cruel and unusual punishment"); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"). Accordingly, Plaintiff's claim regarding Defendant Taylor's alleged failure to clean up the puddle of water on the floor fails to state a claim for deliberate indifference.

Further, Plaintiff alleges that he received immediate care for what are described as relatively minor injuries, and pleads no ongoing medical issues. In order to state a claim for deliberate indifference to a serious medical condition, Plaintiff must allege both an objective and subjective element. *See Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). As to medical care, "the objective element requires that the inmate's medical need be sufficiently serious" to implicate the Constitution. *Guiterrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if has been diagnosed by a physician as mandating treatment or it so obvious that even a lay person would recognize the necessity of medical treatment. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011).

The subjective element requires that the prison official act with sufficiently culpable state of mind, "something akin to criminal recklessness." *Norfleet v. Webster*, 439 F.3d 392, 397 (7th Cir. 2006). The negligent or inadvertent failure to provide adequate medical care is not actionable under 42 U.S.C. § 1983 because such a failure is not an "unnecessary and wanton infliction of pain" that is "repugnant to the conscience of mankind." *Estelle v Gamble*, 429 U.S. 97, 106 (1976). According to FED. R. CIV. P. 8(a), in order to state a claim, Plaintiff must make a short and plain statement of his allegations of deliberate indifference, sufficient to place a Defendant on notice of what his claim is. Under the facts pleaded in Plaintiff's proposed complaint, he has failed to do so. Accordingly, if Plaintiff wishes to proceed on a claim of deliberate indifference, he must amend.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. To the extent that Plaintiff decides to submit a proposed amended complaint, he should be sure to name suable Defendants. With respect to any conditions of confinement or deliberate indifference to medical care claim, Plaintiff should name the person(s) who were directly responsible for allegedly violating his rights. If Plaintiff does not know the names of the person(s) involved in the alleged deprivation, he should name a supervising official, such as Sheriff Tom Dart, for the purpose of identifying the Defendant(s) in interest. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must

stand completely on its own.  Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint.  Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions.  If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court.

Date:      8/30/13                                   *Thomas M Durkin*